S39

Albert P. Barker, ISB #2867
Scott A. Magnuson, ISB #7916
**BARKER ROSHOLT & SIMPSON LLP**
1010 W. Jefferson St., Ste. 102
P.O. Box 2139
Boise, ID 83701-2139
Telephone: (208) 336-0700
Facsimile: (208) 344-6034
    apb@idahowaters.com
    sam@idahowaters.com

*Attorneys for Plaintiffs Arrow A Ranch Limited Liability Limited Partnership, Kenneth Smith, Brett Woolley and Daniel Woolley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| Arrow A Ranch Limited Liability and Limited Partnership, Kenneth Smith, Brett Woolley and Daniel Woolley,<br><br>    Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE (RS 2339)**<br><br>Category:<br>Fee: |

    Plaintiffs, Arrow A Ranch Limited Liability Limited Partnership, Kenneth Smith, Brett Woolley and Daniel Woolley, by and through their attorneys of record, Barker Rosholt & Simpson LLP, and for Complaint against Defendant United States of America, hereby assert and allege as follows:

**PARTIES**

1.    Plaintiffs, Arrow A Ranch Limited Liability Limited Partnership ("Arrow A"), Kenneth Smith ("Smith"), Brett Woolley and Daniel Woolley ("Woolley") are the current owners of that certain real property and water rights described herein located in Custer

**COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE**    1

S39

County, Idaho. Plaintiffs' real property is irrigated from a point of diversion on the Salmon River, known by the United States Forest Service as the S39 diversion. The S39 diversion and some or all of the ditches from the S39 diversion to Plaintiffs' property cross land belonging to the Defendant United States of America ("United States") which is currently administered by United States Forest Service ("Forest Service"). This diversion and ditches are subject to a permanent easement or right-of-way arising under what is known as RS 2339 across the United States' property that is the subject of this lawsuit.

2. Defendant United States is the owner of that certain land located in Township 10 North, Range 13 East, Boise Meridian, in Custer County, Idaho which is burdened by Plaintiffs' right, title and interest in the easement or right-of-way described herein that is the subject of this action. The Forest Service currently administers the land held by the United States in Township 10 North, Range 13 East, Boise Meridian located in Custer County, Idaho that is at issue in this action.

## JURISDICTION & VENUE

3. This Court has exclusive original jurisdiction of this action against the United States pursuant to 28 U.S.C. § 1346(f), as this action is brought under 28 U.S.C. § 2409a to quiet title in real property in which an interest is or may be claimed by the United States. The Defendant asserts or may assert some claim of ownership, use or possession of the real property situated within this State that is the subject of the lawsuit. Jurisdiction and declaratory relief is further appropriate pursuant to 28 U.S.C. § 2201, as the court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

4.      Venue is proper in this District under 28 USC § 1391(b) as the property that is the subject of the action is located in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

5.      This action is brought to adjudicate title to real property in which the United States claims an interest, other than a security interest or water rights.  Specifically, Plaintiffs seek a determination that they have title to a diversion and ditches located on real property held by the United States.

6.      Plaintiff Arrow A is the current owner of land located in Township 10 North, Range 13 East, sections 3, 10, 15 and 22.  Plaintiffs' predecessor in title obtained title to this property by virtue of an application under the Homestead Act, Public Law 37-64, 12 Stat 392.

7.      Plaintiff Kenneth Smith is the current owner of land located in Township 10 North Range, 13 East, Section 3.  Plaintiff Smith's predecessor on title obtained title to this property by virtue of an application under the Homestead Act, Public Law 37-64. 12 Stat 392.

8.      Plaintiff Brett Woolley and Daniel Woolley are current owners of land located in Township 10 North, Range 13 East, Sections 2, 3 and in Township 11 North Range 13 East, Sections 34 and 35.  Plaintiffs Woolley's predecessor in title, William Woolley obtained title to this property by virtue of applications under the Homestead Act, Public Law 37-64. 12 Stat 392.

9.      The Homestead Act required the applicant to live on the land for 3-5 years, and to cultivate and improve the land to obtain title to the land from the United States.

Plaintiffs' predecessors in title obtained patents transferring title to the land from the United States between 1915 and 1937. When the United States transferred title to Plaintiffs' predecessors in interest, the patent transferred title to the land together with all appurtenances. Under the law of Idaho and the United States the term appurtenance includes existing ditches which transported water for irrigation and other beneficial uses.

10. Plaintiffs are the owners of decreed water rights for this same property. These water rights identify the point of diversion, place of use, quantity or rate of flow, period of use and priority dates. Plaintiffs' water rights include water right nos. 71-10117, 71-10631, 71-4033, 71-2111, and 71-10104. These rights were decreed in the Snake River Basin Adjudication (SRBA) through partial decrees issued in about 1999 and in a Final Unified Decree issued by the SRBA Court on August 27, 2014. The United States and the Forest Service were parties to the SRBA and are bound by the decrees of the SRBA Court.

11. Plaintiffs' water rights irrigate Plaintiffs' properties. The point of diversion is located at Township 10 North, Range 13 East, Section 15, lot 5 (SENWSW). The ditches conveying the water from the S39 point of diversion to Plaintiffs' properties are located on or cross land belonging to the United States, currently administered by the Forest Service.

12. The land in Townships 10 and 11 North, Range 13 East, Boise Meridian in Custer County, Idaho was originally held by the United States as part of the public domain subject to homesteading by the American people.

13. A series of Executive Orders issued in 1905, 1906 and 1908 by President Roosevelt reserved some, but not all, of the land in Townships 10 and 11 North, Range

13 East, Boise Meridian in Custer County, Idaho for use by the Forest Service.

14. An Executive Order issued by President Wilson in 1913 modified the area in Townships 10 and 11 North, Range 13 East, Boise Meridian in Custer County, Idaho that had been reserved for the Forest Service by moving some boundaries and restoring some lands to the public domain and reserving other lands for the Forest Service.

15. In 1928, Congress affirmed the boundaries of the lands reserved for the Forest Service located in Townships 10 and 11 North, Range 13 East, Boise Meridian in Custer County, Idaho as modified by President Wilson's executive order of 1913.

16. The land in Township 10 and 11 North, Range 13 East, that was not reserved for the Forest Service was known by the United States as "the Salmon River Open Strip."

17. The properties now owned by Arrow A, Smith and Woolley described herein were not within the boundaries reserved for the Forest Service by President Roosevelt, as modified by President Wilson, and confirmed by Congress.  The S39 diversion and ditches at issue herein were not located on land reserved for the Forest Service at that time.  The S39 diversion and ditches were located within the Salmon River Open Strip.

18. 1974, Congress created the Sawtooth National Recreation Area (SNRA) and reserved the remaining public domain in Townships 10 and 11 North, Range 13 East, Boise Meridian in Custer County, Idaho for the Forest Service to be administered as part of the Sawtooth National Recreation Area (SNRA).  The current boundaries of the SNRA now reserved for the Forest Service, encompass Plaintiffs' private property as well as and the land where the S39 diversion and the ditches are located.

19. Plaintiffs and their predecessors have enjoyed the use of the above-mentioned water rights on this property through the S39 point of diversion and ditches located on

federal land for many decades long preceding the creation of the SNRA and the reservation of additional land for the Forest Service. These water rights are essential to the use of the Plaintiffs' property for agricultural and pastoral beneficial purposes. The S39 point of diversion and ditches are illustrated on Exhibit A attached hereto.

20. Plaintiffs have recently have come to understand that the United States may assert the right to control Plaintiffs' use of water on Plaintiffs' land under Plaintiffs' water rights by exercising dominion and control over the S39 point of diversion and ditches that cross Defendant's land, contrary to law.

21. The Forest Service has taken the position that only the Court can determine the parties' legal rights. Accordingly, it has become necessary for Plaintiffs to seek a determination from this Court of their rights with respect to the S39 point of diversion and ditches located on or that cross Defendant's land.

22. Because of this actual and live controversy, Plaintiffs bring this quiet title and declaratory action to establish title in Arrow A, Smith and Woolley to the S39 point of diversion and ditches in the form of a permanent easement or right of way.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY RELIEF**
(28 U.S.C. § 2201)

23. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 22 of this Complaint as though it were fully set forth herein.

24. Under 28 U.S.C. § 2201 this court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

25. Plaintiffs' predecessors in interest homesteaded property between 1915 and 1937,

and received a patent deeds or titles to their properties. Pursuant to the Homestead Act, homesteaders had to cultivate the land, which included diverting the water and putting it to beneficial use.

26.     Appurtenant to Plaintiffs' property were the S39 point of diversion and ditches necessary to convey water from the Salmon River to Plaintiffs' properties.

27.     There is a real conflict with the United States over the Plaintiffs' rights and interests in the S39 point of diversion and ditches, and Plaintiffs seek an Order declaring the rights, duties and obligations concerning the named parties and all those claiming any interest in the property.

28.     A judicial determination of all rights and responsibilities concerning the subject property is necessary and appropriate at this time and the Plaintiffs request an Order of this Court declaring and adjudging that Plaintiffs have a permanent real property interest and the right to use the S39 point of diversion and ditches located on or crossing Defendant's land as illustrated in Exhibit A.

## SECOND CLAIM FOR RELIEF
## QUIET TITLE
## (Act of 1866 – RS 2339)

29.     Plaintiffs reallege and incorporate by reference, applicable Paragraphs 1 through 28 of this Complaint, as though they were fully set forth herein.

30.     Plaintiffs have a right-of-way to convey water and utilize this diversion and right-of-way, through the ditches to Plaintiffs' places of use on their property pursuant to the Act of July 26, 1866, also known as the Mining Act of 1866, Ch 262, §9, 14 Stat. 253 codified at 43 U.S.C. § 661. This Act is also known as RS 2339 from the Revised Statute Section where it was once codified. FLPMA repealed the Act of 1866, but contained a

S39

savings provision pursuant to which rights acquired under the Act prior to FLPMA's enactment were not affected. *See* 43 U.S.C. §§ 1701, 1769.  The 1866 Act provided, in pertinent part, as follows:

> Whenever, by priority of possession, rights to use the water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed….

43 U.S.C. § 661.

31. Plaintiffs hold vested Water 71-10117, 71-10631, 71-4033, 71-2111 and 71-10104, to use the water on Plaintiffs' property. The priority date for these water rights are 1919 to 1953, long before FLPMA repealed RS 2339.  Therefore, these diversion, conveyance and ditch rights established prior to 1976 remain valid rights of way, based on the savings clause in FLPMA, use of the S39 diversion and ditches and the water rights used on these properties decreed pursuant to the laws of the State of Idaho.

32. Plaintiffs and their predecessors have continuously diverted water from the Salmon River to the place of use on Plaintiffs' privately owned land from diversion S39 and through ditches on Defendant's property primarily for irrigation and stockwater since at least 1919 and 1953 respectively.

33. The S39 diversion and ditches were located, at the time the diversions and ditches were originally constructed, on unoccupied and unreserved lands of the United States in the Salmon River Open Strip.

34. Plaintiffs have met all requirements under the Acts of Congress to acquire a vested interest in the S39 diversion, conveyance of water, and easements for the ingress,

**COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE**     8

egress, repair and maintenance of the right-of-way and appurtenant water rights.

35.     All easements and appurtenances were attached to the land and transferred from the United States to Plaintiffs' predecessors in interest and eventually to Plaintiffs.

36.     Plaintiffs seek an order quieting title to the right-of-way for ingress, egress, for conveyance of water, repair and maintenance of the S39 diversion and ditches shown on Exhibit A.

### THIRD CLAIM FOR RELIEF
### QUIET TITLE
### (Homestead Act)

37.     Plaintiffs reallege and incorporate by reference, Paragraphs 1 through 36 of this Complaint, as though they were fully set forth herein.

38.     Plaintiffs have a right-of-way to convey water from the S39 point of diversion through the ditches on federal land to the places of use on Plaintiffs' land.

39.     Title to Plaintiffs' property was originally acquired via the Homestead Act of 1862. Pursuant to the Homestead act, Plaintiffs' predecessors in interest were required to meet certain requirements, which included building structures, improving the land, cultivating crops, and generally putting the land to use for a period of years.  Plaintiffs' predecessors constructed diversions and ditches to irrigate the land at issue herein. Plaintiffs' predecessors in interest applied for and were granted patents or deeds conveying title, which included any and all *appurtenances*, whether expressly stated or otherwise.

40.     Any and all diversion, ditch and conveyance rights are easements and appurtenances which attached to the land and transferred from the United States to Plaintiffs' predecessors in interest and eventually to Plaintiffs, and are confirmed by RS 2340, Act of July 9, 1870, c. 235, § 17, 16 stat. 218.

41.     Plaintiffs seek an Order quieting title to the right-of-way in Plaintiffs to the right of way shown in Exhibit A against Defendant, and any other persons that may claim any rights or interests.

## ATTORNEY'S FEES AND COSTS

Plaintiffs have been required to bring this action to protect their property rights and for the necessary prosecution of this matter, Plaintiffs herein request an award of attorneys' fees and costs against the Defendant pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(b) and any other appropriate and applicable statutes, code and/or regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment of this Court as follows:

A.      For a Judgment from this Court decreeing that Plaintiffs have a permanent easement for the diversion and conveyance of water, and establishing a right-of-way from the S39 point of diversion to the place of use for ingress, egress, and to operate, repair, and maintain the easement;

B.      For a Judgment from this Court declaring the rights and interest of the parties hereto, ancillary to the permanent easement decreed herein, including the right to enter the land across which the right-of-way extends, for 50 feet on either side of the ditches for the purpose of cleaning, maintaining and repairing the ditch, canal or conduit with such personnel and equipment as is commonly used or is reasonably adapted to that work;

C.      For costs and fees incurred herein as appropriate under the Equal Access to Justice Act or otherwise; and,

D.      For such other and further relief as the Court deems just and proper in the

premises.

Dated this 20th day of November, 2018.

**BARKER ROSHOLT & SIMPSON LLP**

/s/ Albert P. Barker
Albert P. Barker
Scott A. Magnuson
*Attorneys for Plaintiffs*